BERRY, APPELLANT, *v.* SHELDEN ET AL., RESPONDENTS.

(No. 7,352.)

(Submitted March 9, 1935. Decided March 21, 1935.)

[43 Pac. (2d) 239.]

*Mr. F. N. Hammon,* for Appellant.

*Mr. Raymond Shelden,* Respondent, *pro se.*

MR. JUSTICE MATTHEWS delivered the opinion of the court.

The plaintiff, Emma Berry, brought suit against the defendants, Raymond Shelden and Belle Shelden, husband and wife, to have certain warranty deeds declared deeds of trust, the trust terminated, and to compel the defendants to reconvey the property therein described to the plaintiff. The complaint alleged fraud, misrepresentations and breach of trust. Issue was joined by answers and replies thereto, and the suit was tried to the court without a jury. On the testimony adduced the court found all of the issues in favor of the defendants. In its findings made the court found that, at the time of the making, execution and delivery of the warranty deed to the defendants "it was mutually agreed  *  *  *  that notwithstanding (the deed) the plaintiff was to have the right to the use, occupation, rents, issues and profits from the whole of said real estate for and during her life, with remainder in fee simple absolute in defendants, at the time of her death." The judgment is of dismissal, with costs to the defendants.

The plaintiff has appealed from the judgment and makes herein three specifications of error: "First. The court erred in awarding judgment to the defendants. Second. The court erred in admitting defendants' Exhibit C, over plaintiff's objection. Third. The evidence is insufficient to sustain the judgment."

As to the first assignment, there was a sharp conflict in the evidence. The trial judge saw the plaintiff and the defendant Raymond Shelden on the stand, heard them testify, and was in duty bound to determine which of the two had related the transactions between them correctly; his findings are conclusive on the subject, unless the evidence on the part of the defendants is insufficient to sustain those findings. (*Nuhn* v. *Nuhn,* 97 Mont. 596, 37 Pac. (2d) 571.)

Defendants' Exhibit C is a will executed by the plaintiff in favor of the defendants, and, from the statement hereinafter made, it will be seen that the will was properly admitted in evidence as a part of defendants' case.

The record discloses that the defendant Raymond Shelden ██ is an attorney at law and that the plaintiff has been his client for a number of years. In 1926 the plaintiff, then sixty-three years old, was seeking a divorce from her husband; the action resulted in a decree of, or agreement for, separate maintenance; she called upon the defendant Raymond Shelden to have a will drawn, stating that she had no near relatives and intimating, at least, that she did not want her husband to inherit any part of her property, and therefore wanted to leave it all to these defendants. The will was so drawn, and, according to the defense, it was agreed, in consideration thereof, that Shelden should act as her attorney in all matters coming up during her lifetime, pay her funeral expenses, and erect a monument over her grave at a cost of $250. Early in 1930 the plaintiff was hailed into the federal court on charges of violation of the liquor laws and was assessed $547.13; abatement of her property followed or was threatened. With the intention of forestalling collection by the federal authorities, plaintiff requested Shelden to take a deed to the property. He advised her that such action would be unavailing, but she insisted that he take a deed to the property, saying that he would have it anyway when she died.

In April, 1930, Shelden, at the request of plaintiff, drew two deeds, the one from plaintiff to one Maud Cozad; the other from Mrs. Cozad to the defendants. Plaintiff contended that these deeds should have been trust deeds, the subject of the trust being rather indefinite; while defendant Raymond Shelden asserted that the agreement was as above related, and that it was agreed that the plaintiff continue in possession for the term of her life.

Defendant Shelden proved almost innumerable matters in which he represented the plaintiff as her attorney, including the securement of a total remission of the federal claim above.

There is nothing so improbable in Shelden's version of the agreement between him and the plaintiff as to warrant questioning the court's right to believe it, and, believing it, there is certainly sufficient substantial evidence to support the judgment.

Judgment affirmed.

ASSOCIATE JUSTICES STEWART, ANDERSON and MORRIS concur.

MR. CHIEF JUSTICE SANDS, being absent on account of illness, takes no part in the foregoing decision.